IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XADO TECH, LLC and XADO-HOLDING, | ) |
| Plaintiffs, | ) No. 13 C 6901 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| US ENVIROTECH, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs XADO Tech LLC and XADO-Holding (collectively "plaintiffs") sued defendant US Envirotech, Inc. ("defendant") for trademark infringement, false advertising, cyber-squatting, deceptive trade practices, and unjust enrichment stemming from defendant's alleged unauthorized use of the XADO trademark on products and in advertisements, and false claims of association with plaintiffs. Defendant has moved for partial summary judgment pursuant to Federal Procedure Rule 56, arguing that the case should be dismissed for dismissal for forum non conveniens, based on a forum selection clause in an agreement between defendant and another company closely associated with plaintiffs.[1] For the reasons discussed below, the court dismisses the case on the basis of forum non conveniens.

---

[1] The court emphasizes that this ruling is not one for partial summary judgment even though the court looks to materials outside the pleadings. Summary judgment reflects an evaluation on the merits. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993). A jurisdictional assessment, like forum non conveniens, is not a judgment on the merits. Pyrenee, Ltd. v. Wocom Commodities, Ltd., 984 F. Supp. 1148, 1152 n.2 (N.D. Ill. 1997). "[A] forum non conveniens determination [is also not] a question of law appropriate for summary judgment." Id. (quoting Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989)).

## BACKGROUND[2]

Plaintiffs are producers and distributors of automotive "revitalizants."[3] Plaintiff XADO Holding owns the "XADO" mark, which was registered on May 11, 2004, and is used in marketing, selling, and distributing "revitalizants," atomic metal conditioners, and refrigerant products. Defendant advertises, markets, and sells lubricants for automobiles.

In December 2008, defendant entered into a Distribution Agreement ("the December Agreement") with XADO America, LLP ("XADO America"), a Kansas LLP formed by XADO USA, LC ("XADO USA") and XADO Technology, Ltd ("XADO Technology").[4] The December Agreement granted defendant an exclusive distribution right. The agreement states (emphasis added):

> The parties agree that [defendant] shall *market, distribute and sell* all "products" purchased from Supplier under the private label "FRIKTIONTEK" or any other private label determined by [defendant]. [Defendant] retains the right to sell all "products" purchased from Supplier under Supplier's trademarks, tradenames and tradedress.

The agreement additionally provides that defendant is the exclusive distributor in terms of marketing, distribution, and sales of the supplier's products under the "FRIKTIONTEK" label or any other private label defendant approves. Further, the December Agreement grants

---

[2] The facts derive from plaintiffs' complaint and the parties' evidentiary submissions. The court is permitted to consider affidavits and other documentation to decide whether venue is proper and to consider a motion to dismiss based on forum non conveniens. DeKoven v. Knight Frank, LLP, 2005 WL 6407794, at *2 (N.D. Ill. Oct. 12, 2005).

[3] Automotive "revitalizants" are chemicals that restore metal in metal-to-metal friction zones and protect metal against future wear.

[4] The December Agreement superseded a previous July 2008 agreement between XADO America and defendant. For purposes of this motion, the December Agreement is the apposite agreement.

defendant "the exclusive right to the use and commercial dissemination of . . . test results and case studies of the 'products' or any other of Supplier's intellectual property for use in [defendant's] marketing and sales."

Of particular importance, the agreement also contains a forum-selection clause ("the forum selection clause" or "the clause"), which states (emphasis added):

> This Agreement shall be governed by, and its terms shall be construed in accordance with, the laws of the State of New Mexico. Any unresolved disagreement between the parties *resulting from the implementation or interpretation* of this Agreement shall be resolved in the Second District Court in the State of New Mexico.

The initial term of the December Agreement is for ten years commencing on December 8, 2008 unless terminated by written notice from either party. The parties further agreed that the December Agreement binds respective successors to the contents of the agreement.

After the agreement was executed, defendant secured various national accounts to distribute XADO products, labeled "FriktionTek by XADO," in the United States. Defendant designed new packages for XADO products, which were approved by a representative of XADO Technology and XADO Chemical Concern, another XADO-affiliated company. On the website www.friktiontek.com, defendant advertised, marketed, and sold "FriktionTek by XADO" products. Defendant also asserted its affiliation with XADO, including "the exclusive rebranding and packaging rights to all XADO products sold in North America," on the website. Further, defendant registered and currently runs website www.xadousa.com to advertise, market, and sell ""FriktionTek by XADO" products.

In September 2008, prior to signing the December Agreement, defendant had ordered product from XADO America under a previous contract. Defendant received this product after

3

the December Agreement was signed, and continued to receive product ordered under the previous contract until at least 2009. Plaintiffs and defendant dispute when defendant last received delivery of XADO product and when the last payment was made. According to plaintiffs, the last delivery occurred in 2009, and defendant did not pay any invoices for products shipped in 2009. Plaintiffs further allege that defendant markets and sells products, which are not XADO products, with the XADO label. According to defendant, the last delivery occurred on January 4, 2010, and the last payment to XADO America was made on December 4, 2009. Defendant also denies that it did not pay all invoices for products. Finally, defendant offers evidence that it received XADO products and sold products using the XADO mark well beyond 2009.

In May 2010, the owner and sole shareholder of XADO Technology, Vladimir Zozulya, formed plaintiff XADO Tech.[5] Acting as the majority interest holder in plaintiff XADO Holding, Zozulya executed a license agreement granting plaintiff XADO Tech the right to use the XADO trademark in the United States. In the fall of 2010, the XADO America partnership dissolved. The attorney for XADO Technology and its "sister companies" advised defendant of the end of XADO America's partnership and requested that defendant terminate the December Agreement with XADO Technology, enter into a new agreement with plaintiff XADO Tech, and transfer all rights of the xadousa.com website to XADO Technology. Defendant did not comply and plaintiffs requested that defendant not contact them. On September 25, 2013, plaintiffs filed suit against defendant, alleging trademark infringement, false advertising, cyber-squatting, deceptive trade practices, and unjust enrichment.

---

[5] XADO Tech performs the same functions as XADO Technology and XADO America.

4

**DISCUSSION**

Defendant argues that the court should dismiss the complaint for forum non conveniens based on the forum selection clause in the December 2008 distribution agreement between itself and XADO Technology.[6] Plaintiffs argue that the forum selection clause is not enforceable and their claims should not be dismissed because they are outside the scope of the forum selection clause. Alternatively, plaintiffs argue that even if the clause is enforceable, the court should not enforce it because the agreement has been abandoned or lacks mutuality and consideration.

Forum selection clauses that point to a state or foreign forum are enforced through the doctrine of forum non conveniens.[7] Alt. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, ___U.S ___, 134 S.Ct. 568, 580 (2013). Generally, these clauses are deemed "prima facie valid," and the case should be transferred to the forum specified in the clause unless enforcement is unreasonable under the circumstances. Id. at 581; M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). To determine whether a forum selection clause is enforceable, the court must analyze whether the claims fall within the scope of the clause, Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993), and whether the clause is mandatory or permissive, Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992). If enforceable, a forum selection clause for a nonfederal forum should be scrutinized under an

---

[6] Because plaintiffs and defendant agree that plaintiffs are "closely related" to XADO Technology, one of the December Agreement signatories, plaintiffs, as non-signatories, are bound by the distribution agreement's forum selection clause if enforceable.

[7] Forum non conveniens is used in lieu of a section 1404(a) motion to transfer, which is proper to enforce forum selection clauses that point to a particular federal venue. Alt. Marine Const. Co., Inc., 134 S.Ct. at 579.

adjusted § 1404(a) analysis.[8] Alt. Marine Const. Co., Inc., 134 S.Ct. at 581. Under this analysis, the court should not give weight to plaintiff's choice of forum, and instead "plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Further, the court "should not consider arguments about parties' private interests." Id.

Defendant first argues that the venue is improper in the Northern District of Illinois because plaintiffs' claims fall within the scope of the clause. Forum selection clauses are construed broadly, and can cover claims other than breach of contract. Am. Patriot Ins. Agency v. Mut. Risk Mgmt., 364 F.3d 884, 889 (7th Cir. 2004) ("A dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges fraudulent breach or fraudulent inducement, or fraudulent performance."). When a relationship between parties is contractual, the pleading of non-contractual claims should not prevent the enforcement of the forum selection clause. See Omron Healthcare, Inc. v. Maclaren Exports Ltd., 28 F.3d 600, 602 (7th Cir. 1994) (affirming the district court's ruling that trademark claims fell within the scope of the forum selection clause in a distribution agreement); Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) (affirming that a tortious interference claim was covered by a forum selection clause); ISA Chicago Wholesale, Inc. v. Swisher Intern., Inc., 2009 WL 3152785, at *5 (N.D. Ill. Sept. 25, 2009) ("Federal courts routinely find that non-contractual claims fall within the scope of contractually-based forum selection clauses."). Thus, the court notes that trademark claims can fall within the scope of a forum selection clause so long as a contractual relationship exists.

---

[8] Under a typical § 1404(a) analysis, the court considers, among other factors, convenience of parties and witnesses, costs of transfer, and private and public interest factors. Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 913 (N.D. Ill. 2009).

Defendant next argues that the clause's language includes plaintiffs' trademark claims because they "result[] from the implementation or interpretation" of the December Agreement, which granted defendant the right to advertise, market, and sell XADO products, and to use and disseminate test results, case studies, and any other intellectual property in marketing and sales. Plaintiffs counter that the forum selection clause does not apply to these claims because the counts are not based on any provisions in the agreement but rather defendant's labeling and associating non-XADO products with the XADO mark. Plaintiffs further argue, that "resulting from" and "implementation or interpretation" limit the subject of disputes that fall under the scope, and the claims do not require the court to interpret or carry out the agreement as stated by the clause. To determine the scope of a forum selection clause, the court must look to the language of the clause itself. See Omron Healthcare, Inc., 28 F.3d at 603; Medline Indus. Inc., v. Maersk Med. Ltd., 230 F. Supp.2d 857, 862 (N.D. Ill 2002).

Although the plaintiffs' claims do not outright allege breach of contract, their claims still fall within the scope of the clause. The unresolved dispute between plaintiffs and defendant results from the interpretation of the agreement. Plaintiffs' claims, while identified as trademark violations, are breach of contract allegations. Plaintiffs allege that defendant used the trademark and other intellectual property for products not purchased from XADO, which the contract did not specifically allow. Defendant contends that the agreement grants it the use of the XADO mark and intellectual property, and that it used the mark on products purchased from plaintiffs. Thus, plaintiffs essentially allege breach of contract, and the interpretation of the agreement, whether the agreement's provisions cover the defendant's actions, is the cornerstone of this dispute. Accordingly, plaintiffs' claims fall within the scope of the clause.

Defendant next contends that the forum selection clause is enforceable because the clause is mandatory and not permissive. When a venue is specified in a forum selection clause with mandatory language, the clause should be enforced. K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 499 (10th Cir. 2002); Paper Exp., Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992). Using "shall" and "all disputes" in the clause indicates that the selected forum is exclusive and mandatory. Paper Exp., Ltd., 972 F.2d at 756 (7th Cir. 1992); Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd., 305 Ill. App. 3d 362, 367, 712 N.E.2d 926 (1999); State v. Lujan, 90 N.M. 103, 105, 560 P.2d 167 (1977) (stating that "shall" is generally mandatory). If only jurisdiction is specified, the clause will not generally be enforced because "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." K & V Scientific Co., Inc., 314 F.3d at 498-99; see also Cont'l Cas. Co. v. LaSalle Re Ltd., 500 F. Supp. 2d 991, 994 (N.D. Ill. 2007) (stating that the clause merely says the parties consent to jurisdiction of a state's court and not a specific venue to resolve disputes).

Here, the language of the clause is mandatory. The clause specifies a venue for "all" disputes to be resolved: the Second Judicial District Court of New Mexico. Further, the clause uses "shall," which indicates an exclusive forum. Based on the use of "all," "shall," and a specified venue, the clause is mandatory and not permissive. Thus, the scope and mandatory language establish that the forum selection clause is enforceable.

Plaintiffs respond by arguing that even if the forum selection clause is enforceable, the agreement, because it was abandoned, or lacks mutuality and consideration, is void. Yet, forum selection clauses "are enforced even when parties allege that the contract containing the clause is

8

void or unenforceable." <u>Miglin v. Mellon</u>, 2008 WL 2787474, *2 (N.D. Ill. July 17, 2008); <u>see also</u> <u>Muzumdar v. Wellness Int'l Network, Ltd.</u>, 438 F.3d 759, 762 (7th Cir. 2006). Thus, once a court finds that a forum selection clause is enforceable, the selected forum should determine questions regarding the performance of the contract containing the clause. <u>Id.</u> The forum selection clause would be invalid only if it was procured by fraud. <u>Miglin</u>, 2008 WL 2787474, *2. Plaintiffs do not allege that the forum selection clause in the December Agreement was procured by fraud, and therefore the court presumes the contract is valid and enforceable. Thus, because the claims are within the scope of the clause, the language of the clause is mandatory, the clause was not procured by fraud, and plaintiffs have not shown that enforcement is unwarranted, the forum selection clause is enforceable and plaintiffs cannot seek redress in this court.

## **CONCLUSION**

For the foregoing reasons, the court dismisses the case without prejudice for forum non conveniens.


**ENTER:** **August 5, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**